973 So.2d 516 (2007)
Jo Matthews HAYES, as personal representative of the Estate of Donald Matthews, Appellant,
v.
CHASE MANHATTAN BANK, as Trustee, for GRMT II Mortgage Loan Trust 2000-1, dated September 1, 2000, and Fairbanks Capital, Inc., a foreign profit corporation, Appellees.
No. 1D06-4964.
District Court of Appeal of Florida, First District.
December 17, 2007.
Rehearing Denied February 5, 2008.
Carl Scott Schuler and Brian J. Lee of the Law Offices of Carl Scott Schuler, P.A., Jacksonville, for Appellant.
Leslie Bissinger Golden and Robert W. Thielhelm of Baker & Hostetler LLP, Orlando, for Appellees.
BROWNING, C.J.
Appellant seeks review of the summary judgment entered against Donald Matthews. For the reasons discussed below, we reverse the judgment and remand for proceedings consistent with this opinion. We begin by setting forth the facts.
In 2001, Appellee Chase Manhattan Bank brought a foreclosure action against Donald Matthews; Matthews filed a counterclaim and, subsequently, a third-party complaint against Appellee Fairbanks, Chase Manhattan's servicer on the mortgage. In the most recent iteration of the counterclaim and third-party complaint, *517 Matthews alleged nine virtually identical counts against each party, including fraud, breach of contract, and violations of consumer protection laws, and added a tenth count against Chase Manhattan: malicious prosecution. In the meantime, Chase Manhattan had voluntarily dismissed its foreclosure action.
Also in the meantime, a settlement agreement and release was reached in a consolidated class action called Curry from the Massachusetts federal district court, wherein plaintiffs had sued Fairbanks for unfair, unlawful and deceptive business practices in its servicing of residential mortgage loans. The final order approving the settlement included an attachment titled "Exhibit A," which listed the names of those who requested exclusion. United States v. Fairbanks Capital Corp., 2004 WL 3322609 (D.Mass. May 12, 2004). Matthews was number 268 on the list.
In response to the settlement, both Chase Manhattan and Fairbanks moved for summary judgment in the instant case, alleging that Matthews was a member of the Curry class because his notice was adequate and his request for exclusion was postmarked after the filing deadline imposed by the district court and that, therefore, his claims were barred by the release in the Curry settlement. The circuit court agreed, and found that Matthews's claims were barred by operation of res judicata.
We disagree that Matthews was a class member. His name was on the list of persons excluded from class membership; the federal judge waived any violation of the deadline for exclusion requests by accepting Exhibit "A." Fairbanks could have argued in the Curry action that Appellant should not be on the list of excluded persons, but did not; accordingly, it is estopped from making such an argument at this late date. Chase Manhattan was not a party to the class action; however, due process concerns are not implicated because it now enjoys the benefits of the class action result.
Because Matthews was on the list of excluded persons, the circuit court should not have granted summary judgment to Chase Manhattan and Fairbanks on the ground his claims were res judicata as part of the Curry class action.
REVERSED and REMANDED.
KAHN and ROBERTS, JJ., concur.